UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:

STATE FARM FIRE AND CASUALTY
COMPANY, INTERPLEADER
PERTAINING TO JAMES C. KNIGHT
and POLICY 18-B5-5944-9

CIVIL ACTION

NO. 10-364-BAJ-SCR

## RULING AND ORDER

This matter is before the court on a motion by State Farm Fire and Casualty Company ("State Farm"), for a temporary restraining order and preliminary injunction to enjoin all parties from instituting, prosecuting, or continuing to prosecute any proceedings in state court that affect matters involved in this interpleader action (doc. 10). Also before the court is a motion by James C. Knight and Amber Davis Knight (the "Knights") to stay this action pending trial of the parallel state court action (doc. 12). Jurisdiction is founded upon 28 U.S.C. §1335.

## BACKGROUND

State Farm filed this statutory interpleader action on May 25, 2010, naming Wells Fargo Bank, National Association ("Wells Fargo"), and Notoco Industries, LLC ("Notoco") as defendants. The complaint alleges that State Farm issued a policy of insurance to James C. Knight (policy number 18-B5-5944-9) to cover the premises at 15703 Elderwood Avenue, Baton Rouge, Louisiana, and that the policy was in effect on July 12, 2009 when the property was damaged by fire. The complaint further alleges that the policy lists Wells Fargo as a mortgagee and Notoco as a

second mortgagee. According to the complaint, State Farm, acting pursuant to the mortgage clause of the policy, denied the homeowner's claim for damages, but provided notice to Wells Fargo and Notoco that challenges had been made to their right of recovery. (Complaint, ¶¶ 1-11).

The complaint specifically states that the homeowners, James C. Knight and Amber Davis Knight are named in the complaint only to provide them with notice of the action and not to allow them benefits to the proceeds that are the subject of the interpleader. State Farm also notes in the complaint that the Knights have filed suit against State Farm in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. The complaint, however, provides that State Farm "does not at this point request that the court issue a stay order pursuant to 28 U.S.C. §2361, but reserves the right to request such at a later date." (Complaint ¶¶ 16-18).

On July 14, 2010, the Knights filed a document captioned, Answer to Interpleader, and alleged that State Farm owes no less than $178,440 under the policy. The Knights also alleged that Notoco has no valid note or mortgage on the property covered by the policy. The Knights, therefore, assert a claim to the amount due under the policy that exceeds the mortgage held by Wells Fargo as of December 21, 2009. (Doc. 9).

State Farm argues that, in filing this interpleader action, it sought to present issues that were separate from those presented in the state court action (doc. 10-2, p. 4). State Farm further argues that the Knights are "muddying the mutual

exclusivity of the two proceedings" by asserting claims in the present action that are part of the state court action. (*Id.*) State Farm, accordingly, filed the present motion for a temporary restraining order and preliminary injunction pursuant to 28 U.S.C. §2361.

Shortly after State Farm moved for a temporary restraining order and preliminary injunction, the Knights moved to stay this interpleader action pending trial of the state court action on January 11, 2011.

## LAW AND DISCUSSION

"Injunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir. 1974). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). " Specifically, the movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Holland Am. Ins Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974).

State Farm has set forth no evidence to establish that there exists a substantial threat that it will suffer irreparable injury if the temporary restraining order is not issued. Moreover, the Knights allege that the state court action will not come to trial until January 11, 2011 (doc. 12, p. 1). Accordingly, the court concludes that State Farm has failed to carry its burden with respect to the motion for a temporary restraining order and the motion will be denied insofar as it seeks such an order.

State Farm, however, has also moved the Court for a preliminary injunction to enjoin the state court action, and the Knights have moved the Court for a stay of the present action pending resolution of the state court action. Because the two motions seek mutually exclusive actions by the Court, the Court will consider them concurrently.

## CONCLUSION

For all the above reasons, the motion by State Farm Fire and Casualty Company (doc. 10) is hereby **DENIED** insofar as it seeks a temporary restraining order, and **IT IS ORDERED** that a hearing on the motion for a preliminary injunction (doc. 10) and on the motion to stay (doc. 12) will be held by the Court on Friday, August 20, 2010, in Courtroom Two, at 9:30 a.m.

Baton Rouge, Louisiana, August 3, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA